IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEVERICK SCOTT**                                                                                            **PLAINTIFF**
**ADC #131042**

V.                                    NO. 4:22-CV-00255-JM-ERE

**DEXTER PAYNE,** *et al.*                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I.    BACKGROUND**

Plaintiff Deverick Scott is a frequent and vexatious filer in the Eastern District of Arkansas. Since 2014, he has filed over 25 complaints. Mr. Scott is well aware of his "three-striker" status under the Prison Litigation Reform Act ("PLRA"),[1] and the

---

[1] *Scott v. Hobbs, et al*, 2:12-cv-00245-SWW (E.D. Ark. 2012); *Scott v. Gibson et al*, No. 5:18-cv-00150-JM (E.D. Ark. 2018; *Scott v. Correct Care Solutions, et al.,* No. 4:19-CV-00859-JM (E.D. Ark. 2019).

1

fact that he must be in imminent danger to proceed in federal court without paying the filing fee. Public records show that he has now resorted to bombarding Arkansas state courts with his numerous complaints.[2]

In line with his new practice, Mr. Scott asked to proceed *in forma pauperis* and filed his complaint in this case in Lincoln County Circuit Court on December 13, 2021.[3] On March 18, 2022, Defendants removed the case and paid the filing fee, which, so far, has allowed Mr. Scott to avoid PLRA restrictions.

Pending before the Court is Mr. Scott's motion to stay Defendants' motion for summary judgment until other Defendants named in Mr. Scott's complaint are served.[4] *Doc. 20.* Also pending is Defendant's motion for summary judgment on the issue of exhaustion. *Doc. 15*.

For the reasons set out below, the Court recommends that this case be DISMISSED without prejudice and all pending motions be DENIED as MOOT.

---

[2] **Error! Main Document Only.***Scott v. Brandon Carroll, ADC, et al.*, No. 40cv-22-58 (Lincoln Co. Ark. Cir. Court); *Scott v. Dexter Payne, et al*, No. 40cv-21-116 (Lincoln Co. Ark. Cir. Court); *Scott v. ADC*, No. 40cv-21-41 (Lincoln Co. Ark. Cir. Court); *Scott v. ADC*, No. 40cv-21-16 (Lincoln Co. Ark. Cir. Court); *Scott v. Correct Care Solutions*, *et al*, No. 40cv-21-16 (Lincoln Co. Ark. Cir. Court); *Scott v. James Gibson, et al*, No. 40cv-20-66 (Lincoln Co. Ark. Cir. Court).

[3] *Scott v. ADC*, No. 40cv-21-116 (Lincoln Co. Ark. Cir. Court).

[4] In his motion, Mr. Scott contends that there are eight unserved Defendants who need to be served before the case can proceed. Apparently, these eight Defendants had not been served before the case was removed.

## II.   DISCUSSION

Mr. Scott, a "three-striker" with a prolific history of filing federal cases, has started the practice of filing obvious federal cases in state court, relying on the defendants to remove the case to federal court, which allows him to avoid the restrictions imposed by the PLRA. Although some courts have allowed inmates to get away with this practice, other courts have not. As a court in the latter category explained:

> Crooker's litigation history, as outlined above, leaves little room for doubt that he has developed a repeated litigation practice in order to circumvent the three-strikes rule of § 1915(g) . . . The Court cannot sit idly by and permit such unfettered practices to continue without consequence. Of significance in the finding that Crooker's pleading practices are abusive is the consideration that he could not have [a] good faith basis for filing the myriad of actions in state court, particularly where the cases involved either federal defendants and/or federal claims. It is simply incomprehensible that Crooker could not have known or intended that each action would be removed to federal court. Rather, the Court deems that, by filing his various actions in state court, Crooker has, with deliberation and intent, devised a strategy to: (1) circumvent his filing fee obligations under 28 U.S.C. § 1915; (2) circumvent the three-strikes rule of 28 U.S.C. § 1915(g); and (3) avoid a preliminary screening on the merits pursuant to 28 U.S.C § 1915(e).

*Crooker v. United States*, No. CIV 3:2009-206, 2009 WL 6366792, at *4-5 (W.D. Pa. Nov. 20, 2009) (citing *C.A. Crooker v. Merchants CR Guide Company*, No. 08–10382–EFH (D. Ma. March 24, 2008)).

Other courts, following that same line of reasoning, have concluded that the appropriate remedy when a "three-striker" attempts to by-pass the PLRA by bringing his federal claims in state court is to dismiss the removed federal case:

- *Evans v. Bristol-Myers Squibb Co.*, No. 16-1039, 2016 WL 3184421, at *3 (D. Kan. June 8, 2016) (holding that a "three-striker" who initiated his case in state court to avoid 28 U.S.C. § 1915 had to satisfy the imminent danger exception, even though the defendant removed the case and paid the filing fee).

- *Lynn v. Peltzer*, No. 16-3096-JTM-DJW, 2016 WL 4060272, at *6 (D. Kan. July 29, 2016) (same).

- *Mitchell v. Goings*, No. CV 20-1333, 2020 WL 5200952, at *2 (E.D. La. Aug. 31, 2020), reconsideration denied, No. CV 20-1333, 2020 WL 5820094 (E.D. La. Sept. 30, 2020) (same).

- *Crooker v. Glob. Tel Link*, No. CA 11-229L, 2012 WL 651644, at *2 (D.R.I. Jan. 6, 2012), report and recommendation adopted, No. CA 11-229L, 2012 WL 651641 (D.R.I. Feb. 28, 2012) (dismissing action where plaintiff circumvented three-strikes rule by filing in state court when removal was "virtually assured").

- *Riggins v. Corizon Med. Servs.*, No. CIV.A. 12-0578-WS-M, 2012 WL 5471248, at *2 (S.D. Ala. Oct. 19, 2012), *report and recommendation adopted,* No. CIV.A. 12-0578-WS-M, 2012 WL 5470892 (S.D. Ala. Nov. 9, 2012) (holding that "not to apply the 'three-strikes' rule to Plaintiff's removed state court action would allow Plaintiff to accomplish an end-run around the 'three-strikes' rule by filing in state court and hoping, perhaps, for removal of his action to this Court").

The reasoning of these cases is persuasive.

Here, Mr. Scott alleges that Defendants are "involved in a criminal conspiracy to keep him house in punitive isolation" and retaliate against him for using the inmate grievance procedure. *Doc. 2*. For relief, he wants all disciplinaries removed from his file, a change in ADC policy, release to general population, and money damages. *Id.* However, at no point does Mr. Scott allege, nor does it appear based on the allegations in the complaint, that Mr. Scott is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Accordingly, Mr. Scott does not meet the exception to the three-strike rule that would permit him to proceed with this case *in forma pauperis* under the PLRA. As such, unless he pays the filing fee in this case, he will have avoided any consequences for his "three-striker" status. However, since Defendants already paid the filing fee, the Court cannot collect a second filing fee from Mr. Scott.

A "three-striker" should not be able to avoid the restrictions set out in the PLRA by initiating an obvious federal case in state court and relying on the defendants to remove the case and pay the filing fee. Under the circumstances of this case, dismissal without prejudice is the appropriate remedy.

## III.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

(1) This case be DISMISSED, without prejudice, to allow Mr. Scott to refile the case in federal court and pay the filing fee, as required by the PLRA.

(2) The motion for summary judgment on issue of exhaustion (*Doc. 15*) and the motion to stay (*Doc. 20*) be DENIED as MOOT.

(3) The Clerk of the Court be instructed to close this case.

Dated this 13th day of June, 2022.

                                                 UNITED STATES MAGISTRATE JUDGE